Kimberly Turner
278 N. Wilshire Bl
Anaheim Ca 92801

FILED
2018 JUL 25 PM 3:29
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY___LAW

United States District
Central District of California

L.Q. Management

vs

Kimberly Turner, Anthony Maxey

SACV18-01291 AG (ADSx)

case number

Notice of removal
28 USC § 1446
Federal Question

To the Honorable Judge of the United States District Court for the Central District of California The Superior Court of the State of California for the County of Orange, Plaintiff LQ Management and its attorneys of record.
Defendants Kimberly Turner and Anthony Maxey hereby provides notice of removal of this case from the Superior Court of the State of California, in in and for the County of Orange to this court

On November 16, 2017 Plaintiff commenced an action against defendant(s) that action case number 30-2017-00956267-CL-UD-NJC attached and incorporated herein

Defendent first received notice of Complaint on November 17, 2017 stating that everyone was served properly however 3 day notice wasn't properly served in that it was merely taped to the hotel door and never received in the mail 3 day notice also states monies due based of a supposed contract that doesn't exist. The 3 day and Summons contain false Statement regarding contracts, attorney fees, days of payment, which constitute fraudulant accusations.

Defendent Kimberly Turne file a motion to Strike attorney fee request and ~~attorney fees~~ filed a motion to Quash service as summons and three day Stated service was executed between both of us equally. I file the motions on Anthony Maxeys behalf because he was at work, Court Clerk wouldn't accept his fee waiver saying he had to be there and so they filed both motions as being mine. In Court on the hearing of the motions December 21, 2017 I tried to explain to the judge the distinction among the motions but she said Motion to Quash was premature cause the process served applied to sub serve Anthony Maxey November 30. But summons I had stated

differently.

We pray to the court to allow case to be heard in the district court forum

7-28-18                                        Anthony May

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| CHRISTIANE KINNEY (SBN 199055) ARTIN AVETISOVE (SBN 258777)<br>LeClairRyan, LLP<br>725 S. Figueroa St., Suite 350<br>Los Angeles, California 90017<br>TELEPHONE NO: (213) 488-0503    FAX NO (Optional): (213) 624-0562<br>E-MAIL ADDRESS (Optional): artin.avetisove@leclairryan.com<br>ATTORNEY FOR (Name): LQ MANAGEMENT L.L.C. | ELECTRONICALLY FILED<br>Superior Court of California,<br>County of Orange<br>11/16/2017 at 01:54:35 PM<br>Clerk of the Superior Court<br>By Vicky Huang, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 1275 North Berkeley Avenue
MAILING ADDRESS: 1275 North Berkeley Avenue
CITY AND ZIP CODE: Fullerton, CA 92832-1258
BRANCH NAME: North Justice Center

PLAINTIFF: LQ MANAGEMENT L.L.C.

DEFENDANT: ANTHONY MAXEY, KIMBERLY TURNER

☒ DOES 1 TO 5

| COMPLAINT — UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| ☒ COMPLAINT    ☐ AMENDED COMPLAINT (Amendment Number): | 30-2017-00956267-CL-UD-NJC |

**Jurisdiction** (check all that apply):
☒ ACTION IS A LIMITED CIVIL CASE
Amount demanded   ☒ does not exceed $10,000
                  ☐ exceeds $10,000 but does not exceed $25,000
☐ ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
  ☐ from unlawful detainer to general unlimited civil (possession not in issue)    ☐ from limited to unlimited
  ☐ from unlawful detainer to general limited civil (possession not in issue)      ☐ from unlimited to limited

1. PLAINTIFF (name each): LQ MANAGEMENT L.L.C.

   alleges causes of action against DEFENDANT (name each): Anthony Maxey, Kimberly Turner and Does 1 to 5

2. a. Plaintiff is  (1) ☐ an individual over the age of 18 years.    (4) ☐ a partnership.
                   (2) ☐ a public agency                              (5) ☒ a corporation.
                   (3) ☐ other (specify):

   b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   1752 S. Clementine St., Room 310, Anaheim, California 92802, County of Orange

4. Plaintiffs interest in the premises is   ☐ as owner   ☒ other (specify): Management company
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about (date): September 20, 2017 defendant (name each): Anthony Maxey, Kimberly Turner and Does 1 to 5

   (1) agreed to rent the premises as a  ☐ month-to-month tenancy  ☒ other tenancy (specify): week-to-week
   (2) agreed to pay rent of $ 113.52       payable ☐ monthly   ☒ other (specify frequency): daily
   (3) agreed to pay rent on the  ☐ first of the month  ☒ other day (specify): seventh day of each week
   b. This ☒ written  ☐ oral  agreement was made with
   (1) ☒ plaintiff.                      (3) ☐ plaintiffs predecessor in interest.
   (2) ☐ plaintiffs agent                (4) ☒ other (specify): LaQuita Inn & Suites - Anaheim Disneyland

* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161 a).    Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>UD-100 [Rev July 1, 2005] | COMPLAINT—UNLAWFUL DETAINER | Civil Code, § 1940 et seq<br>Code of Civil Procedure §§ 425.12, 1166<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF (Name): LQ MANAGEMENT L.L.C. | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): MAXEY, TURNER, ET AL. | |

6. c. ☐ The defendants not named in item 6a are
   (1) ☐ subtenants.
   (2) ☐ assignees.
   (3) ☐ other (specify):
   d. ☒ The agreement was later changed as follows (specify): From September 20, 2017 to the present, Defendants has been notified in advance of various changes in rent. The current rental amount is $119.00 per day.

   e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)

   f. ☒ (For residential property) A copy of the written agreement is not attached because (specify reason):
   (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) ☒ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☒ a. Defendant (name each): Anthony Maxey, Kimberly Turner and Does 1 to 5

   was served the following notice on the same date and in the same manner:
   (1) ☒ 3-day notice to pay rent or quit          (4) ☐ 3-day notice to perform covenants or quit
   (2) ☐ 30-day notice to quit                     (5) ☐ 3-day notice to quit
   (3) ☐ 60-day notice to quit                     (6) ☐ Other (specify):

   b. (1) On (date): November 13, 2017   the period stated in the notice expired at the end of the day.
      (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. ☒ The notice included an election of forfeiture.
   e. ☒ A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166.)
   f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a-e and 8 for each defendant.)

8. a. ☒ The notice in item 7a was served on the defendant named in item 7a as follows:
   (1) ☐ by personally handing a copy to defendant on (date):
   (2) ☐ by leaving a copy with (name or description):
       a person of suitable age and discretion, on (date):           at defendant's
       ☐ residence ☐ business   AND mailing a copy to defendant at defendant's place of residence on
       (date):                 because defendant cannot be found at defendant's residence or usual
       place of business.
   (3) ☒ by posting a copy on the premises on (date): November 6, 2017   ☒ AND giving a copy to a
       person found residing at the premises AND mailing a copy to defendant at the premises on
       (date): November 7, 2017
       (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
       (b) ☒ because no person of suitable age or discretion can be found there.
   (4) ☐ (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
   (5) ☐ (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.

   b. ☐ (Name):
      was served on behalf of all defendants who signed a joint written rental agreement.
   c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
   d. ☒ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

| PLAINTIFF (Name): LQ MANAGEMENT L.L.C. | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): MAXEY, TURNER, ET AL. | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 1,816.00
11. ☒ The fair rental value of the premises is $ 119.00 per day.
12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*
13. ☐ A written agreement between the parties provides for attorney fees.
14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. PLAINTIFF REQUESTS
    a. possession of the premises.
    b. costs incurred in this proceeding.
    c. ☒ past-due rent of $ 1,816.00
    d. ☒ reasonable attorney fees.
    e. ☐ forfeiture of the agreement.
    f. ☒ damages at the rate stated in Item 11 from *(date:)* November 14, 2017 for each day that defendants remain in possession through entry of judgment.
    g. ☐ statutory damages up to $600 for the conduct alleged in Item 12.
    h. ☐ other *(specify):*

18. ☒ Number of pages attached *(specify):* 4

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400-6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*

    a. Assistant's Name:
    b. Street address, city, and zip code:
    c. Telephone No.:
    d. County of registration:
    e. Registration No.:
    c. Expires on *(date):*

Date: November 14, 2017

Artin Avetisove, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 14, 2017

James Sarkis - General Manager, LaQuita Inn & Suites - Anaheim Disneyland
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF)